**Aleksandra CICHOWSKI and Cezary Cichowski, Plaintiffs,**

v.

**SAUK COUNTY; Donna Mueller; Carrie Wastlick; Gene Wiegand; Brant Bailey; the Bank of Mauston; Robert Fait; and Debbie King (Frisch); Defendants.**

**No. 05–C–262–C.**

United States District Court, W.D. Wisconsin.

Jan. 13, 2006.

Thomas J. Casey, Attorney at Law, Mauston, WI, Daniel G. Jardine, Jardine Law Office, Madison, WI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

This matter is before the court on a motion to dismiss filed by defendants Sauk County, Gene Wiegand, Donna Mueller, Carrie Wastlick and Brant Bailey. These defendants will be collectively referred to as "defendants."

Plaintiffs contend that defendants Mueller, Wastlick and Sauk County afforded them disparate treatment because of their national origin in violation of their equal protection rights under the Fourteenth Amendment. Also, plaintiffs contend that defendants Mueller, Wastlick, Wiegand and Bailey participated in a conspiracy to commit fraud with the goal of extinguishing a lien that plaintiffs allegedly held against certain property.

For the sole purpose of deciding this motion, I accept as true the allegations in the complaint. Also, I have taken judicial notice of certain court documents, including an amended complaint filed in a civil matter in the Circuit Court for Sauk County involving plaintiffs and several defendants in the present lawsuit. Also, I am considering certain decisions of the Sauk County court. Generally, a court cannot consider documents outside the pleadings in deciding a motion to dismiss under Fed. R.Civ.P. 12(b)(6); such documents do not become fair game unless they are attached to or at least referred to in the complaint. *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir.2002). However, there is an exception to this rule: a court may consider "documents contained in the public record" without converting the motion into one for summary judgment. *Menominee Indian Tribe of Wisconsin v. Thompson,* 161 F.3d 449, 456 (7th Cir.1998). The court documents from the circuit court case are matters of public record and therefore may be the subject of judicial notice.

## ALLEGATIONS OF FACT

### A. *Parties*

Plaintiff Aleksandra Cichowski is a resident of Onalaska, Wisconsin. Plaintiff Cezary Cichowski is a resident of Wisconsin Dells, Wisconsin.

Defendant Sauk County is a municipality in the state of Wisconsin.

Defendant Donna Mueller is the clerk of court for the Sauk County circuit court. Defendant Carrie Wastlick is an employee in the Sauk County circuit court. Defendant Gene Wiegand is an employee in the Sauk County registry of deeds. Defendant Brant Bailey is an employee in the Sauk County registry of deeds.

### B. *Background*

Plaintiff Cezary Cichowski is a contractor who performed certain construction work for Joseph Lucarz. Lucarz failed to pay plaintiff Cezary Cichowski for all or a portion of the work. Plaintiff Cezary Cichowski obtained a contractor's lien on Lucarz's property for the amount of money Lucarz owed him.

A large group of individuals and entities, including some of the defendants whose motion to dismiss is presently before the court and certain individuals who have already been dismissed from this lawsuit, wanted to help Lucarz protect his property against plaintiff Cezary Cichowski's lien. These individuals conspired to place a new mortgage on Lucarz's property and to trick plaintiff Cezary Cichowski into releasing his lien.

The conspirators wanted to extinguish plaintiff's lien on Lurcarz's property and to obtain a new mortgage loan for Lucarz that would not reflect the existence of plaintiff's lien. The conspirators decided

that Lucarz should obtain the new mortgage from M & I Bank. Even though Lucarz lied in his financial statements, making no reference to the lien that plaintiff Cezary Cichowski held against his property, defendant M & I Bank was still reluctant to grant him a mortgage.

Certain individuals who have already been dismissed from this lawsuit filled out a mortgage loan form on M & I Bank stationery on behalf of Lucarz and then in January or February 2002 persuaded defendants Wiegand and Bailey, who worked at the Sauk County registry of deeds, to switch certain documents on file without anyone else's knowledge, thereby insuring that the new mortgage on file did not reflect the existence of plaintiff's lien on Lucarz's property. When plaintiffs asked defendants Wiegand and Bailey about the original mortgage, Wiegand and Bailey denied its existence. When plaintiffs requested the original mortgage documents pursuant to the Freedom of Information Act, their request was denied on the ground that the documents had been destroyed.

### C. *Circuit Court Litigation*

In January 2002, Lucarz sued plaintiffs in the Sauk County circuit court, alleging that plaintiffs did not have an enforceable lien against his property. Judge Reynolds of the Sauk County circuit court presided over the case (2002CV0031).

In 2003, when plaintiffs learned of the conspiracy to create a fraudulent new mortgage for Lucarz, they filed a lawsuit in the Circuit Court for Sauk County, naming multiple defendants, including Wiegand and Bailey. Judge Evenson of the Sauk County circuit court presided over the case (2003CV0338). In their complaint in the circuit court matter, plaintiffs alleged that the defendants in that lawsuit had conspired to extinguish plaintiff's lien on Lucarz's property by obtaining a fraudulent mortgage loan from M & I Bank.

Defendant Sauk County became involved in the circuit court matter and asked Judge Evenson to dismiss the lawsuit. Plaintiffs later added Sauk County as a defendant in the circuit court lawsuit. Defendant Sauk County did not answer plaintiff's circuit court complaint and did not comply with plaintiffs' discovery requests in that lawsuit.

After Judge Evenson dismissed two of the defendants in case 2003CV0338 (King and M & I Bank) for insufficiency of service of process, he dismissed the complaint against the remaining defendants in the lawsuit on the ground that plaintiffs had failed to state a claim against them upon which relief could be granted. Plaintiffs appealed the circuit court's dismissal of all defendants. The Wisconsin Court of Appeals affirmed the decisions of the trial court. Plaintiffs appealed to the Supreme Court of Wisconsin, which denied their petition for review on May 11, 2005.

During the course of the proceedings in their two cases in the Sauk County circuit court, plaintiffs felt so threatened by the "clerks of court" that they feared their lives were in danger. The clerks thought plaintiffs were stupid because of their accents. Plaintiffs had to wait a long time to file documents in the clerk's office, while other attorneys and individuals were attended to quickly. When plaintiffs complained about this, the clerks told plaintiffs they had to wait. When plaintiffs were helped, they were taken to a window that contained an urn displaying the phrase "ashes of our difficult clients." Plaintiffs felt threatened by this urn and believed somebody might try to kill them. The urn was removed after plaintiffs complained to Judge Evenson about it.

The "Clerk of Court" participated in the conspiracy against plaintiffs by agreeing to docket certain documents from opposing parties that would make it seem as though

plaintiffs had lost their case and were untrustworthy individuals, and refusing to docket some of plaintiffs' documents. Plaintiffs stated the following in their complaint:

> In the process of conspiracy everybody does not have to be involved at the beginning but could join the conspiracy at different times. Clerks of court filed different orders as judgment in the case 02Cv31 and 03Cv338. . . .
>
> Clerk of Court came to a meeting of minds with the attorneys Krueger, Hollenbeck and Casey who were the main imperators of the conspiracy and involved so many people in a process that Clerk of court would be filing documents as judgment on public records involving Cichowskis' cases to make them look like they lost the case 02Cv31 while the case 03CV338 was in an appellate court, and that the more judgment they have the more unreliable Cichowskis would look when complaining.

On one occasion, plaintiffs delivered a document opposing a motion for summary judgment to the clerk's office, but it was never made part of the case file. On another occasion, the "Clerk of Court" filed a motion by an opposing party as if the motion were a judgment against plaintiffs. When plaintiffs tried to file the actual order the judge had rendered in the case, the "Clerk of Court" refused to file it.

### D. *Procedural History*

Plaintiffs filed their complaint in the present lawsuit on April 29, 2005. On May 18, 2005, this court issued an order dismissing plaintiffs' complaint without prejudice and instructing plaintiffs to file a new complaint that complied with Rule 8 of the Federal Rules of Civil Procedure. Plaintiffs filed an amended complaint on June 6, 2005. On June 10 the court instructed plaintiffs to "serve their amended complaint on the defendants as though it were their first complaint." Order, dkt. # 8, at

2, 4. Plaintiffs were instructed to file proof of service of the amended complaint by August 22, 2005.

On August 29, 2005, plaintiffs submitted a waiver of service of summons from defendant Wastlick dated May 6, 2005. The court issued an order on September 13, 2005, in which it stated, "Now the court's record reflects that plaintiffs obtained a waiver of summons form from defendant Carrie Wastlick." Order, dkt. # 53, at 4.

### OPINION

#### A. *Failure to Prosecute*

On November 16, 2005, defendants filed the motion to dismiss that is presently before the court. Plaintiffs were given until December 6, 2005, to file their opposition to the motion to dismiss, but failed to do so. Because defendants' motion is unopposed, this court has the discretion to grant it for plaintiffs' failure to prosecute their claims against defendants. Nonetheless, I will address the merits of defendants' motion rather than dismiss it as unopposed.

#### B. *Defendant Wastlick*

■ Defendant Wastlick contends that she should be dismissed from this lawsuit because she was not served with a copy of plaintiffs' June 2005 amended complaint and she has not signed a waiver of service form for the amended complaint.

On August 29, 2005, one week after their deadline to provide proof of service of their amended complaint, plaintiffs submitted a waiver of service of summons for defendant Wastlick dated May 6, 2005. Only now has defendant Wastlick brought it to this court's attention that the date of the waiver submitted on August 29 precedes the date of plaintiffs' amended complaint. Plaintiffs have not submitted proof that they served their amended complaint on defendant Wastlick or obtained a waiver of

service of summons for the amended complaint from her. Therefore, defendant Wastlick will be dismissed from this lawsuit for insufficiency of service of process. Accordingly, I will omit defendant Wastlick from the discussion below of plaintiffs' claims against the remaining defendants.

### C. *Equal Protection*

#### 1. *Clerks of court*

■ Plaintiffs contend that the "Clerks of Court" afforded them disparate treatment because of their national origin in violation of their equal protection rights under the Fourteenth Amendment when they attended to other individuals more quickly than they attended to plaintiffs, refused to file certain documents that plaintiffs wished to file but filed other individuals' documents and exposed plaintiffs to an urn labeled "ashes of our difficult clients." Although plaintiffs fail to refer to the "Clerks of Court" by name, I presume plaintiffs are referring to defendant Mueller, who was the clerk of court for the Sauk County circuit court[1].

The equal protection clause of the Fourteenth Amendment guarantees that "all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To establish a claim of equal protection violation, a plaintiff has to allege facts suggesting that defendant gave differential treatment to persons who were similarly situated to them but who were not of their same national origin. Plaintiffs suggest that defendant Mueller singled them out for poor service in the clerk's office (in making them wait longer, refusing to file their documents and directing them to a window displaying the phrase "ashes of our difficult clients") because of their nationality. Although plaintiffs did not ex-

plicitly state it, given the liberality with which pro se civil rights complaints are read, I assume plaintiffs to be contending that the individuals in the clerks office who received preferential treatment were not of plaintiffs' national origin. Because plaintiffs have met the threshold requirements to establish an equal protection claim, I will deny defendant Mueller's motion to dismiss this claim against her. *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir.1996) (because plaintiff "suggests discriminatory motives impelled discriminatory treatment of him, he has stated an equal protection claim"). However, I emphasize that plaintiffs will need much more evidence to succeed on this claim. To prevail on their equal protection claim, they will have prove that defendant Mueller acted with a discriminatory purpose or intent. *Minority Police Officers Assn. v. South Bend*, 801 F.2d 964, 966 (7th Cir. 1986) (citing *Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 264–65, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977)).

■ At the end of their complaint, plaintiffs demand "money damages against Sauk County for ... not filing other documents of Cichowskis." I understand plaintiffs to be arguing that Sauk County should be liable for defendant Mueller's alleged misdeeds. As I advised plaintiffs in the May 18, 2005, order in which I instructed plaintiffs to amend their complaint, a municipality such as Sauk County can be liable under § 1983 only for actions taken by officials pursuant to the municipality's formal or informal policy or custom. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A county cannot be sued simply on the theory that it

---

**1.** Plaintiffs did not refer to defendant Mueller by name anywhere in their complaint other than on page 2, where they stated her name and occupation.

is liable whenever its employees are responsible for constitutional deprivations. *Monell,* 436 U.S. at 691, 98 S.Ct. 2018. Plaintiffs have not alleged any facts to suggest that defendant Mueller acted pursuant to any formal or informal policy or custom of Sauk County. Therefore, plaintiffs' claim that defendant Sauk County should be liable for defendant Mueller's alleged Fourteenth Amendment violations will be dismissed.

### 2. *Sauk County*

■ Plaintiffs contend that Sauk County failed to answer their amended complaint and requests for discovery in matter 2003CV0338 because it regarded plaintiffs as unworthy of their time and discriminated against plaintiffs because of their national origin. For plaintiffs to establish a claim of equal protection violation they would have to allege that defendant Sauk County gave differential treatment to other parties who sued it but were of different national original than plaintiffs. Plaintiffs have not come close to suggesting that this was the case. Accordingly, plaintiffs have failed to establish a claim that defendant Sauk County violated their constitutional right to equal protection. I will dismiss this claim against defendant Sauk County.

### D. *Conspiracy to Commit Fraud*

■ Plaintiffs contend that defendants Wiegand, Bailey and Mueller participated in a conspiracy with others to commit fraud in order to obtain a new mortgage loan for Lucarz and extinguish plaintiff Cezary Cichowski's lien on Lucarz's property. According to plaintiffs, defendants Wiegand and Bailey switched certain documents in the registry of deeds to make it look as though Lucarz's original mortgage loan had never existed and plaintiff Cezary Cichowski did not have a lien on Lucarz's property. Moreover, plaintiffs allege that defendant Mueller strategically chose to file certain documents from opposing parties to make it seem as though plaintiffs had lost their case and were untrustworthy individuals while refusing to docket certain documents that plaintiffs attempted to file.

Only claims of conspiracies to effect deprivations of federal civil or constitutional rights may be brought in federal court under the court's federal question jurisdiction and in such cases, the conspiracy must either involve state actors, *Hampton v. Hanrahan,* 600 F.2d 600, 622–23 (7th Cir. 1979), or be motivated by a racial or otherwise class-based discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Hampton,* 600 F.2d at 623; *Munson v. Friske,* 754 F.2d 683, 694 (7th Cir.1985). In this case, the alleged conspiracy was to fraudulently deprive plaintiffs of a contractor's lien over certain real estate. Although the alleged conspiracy implicates plaintiffs' constitutional right to their property (the lien plaintiff Cezary Cichowski allegedly held on Lucarz's house), as long as state remedies are available for the loss of property, neither intentional nor negligent deprivation of property gives rise to a constitutional violation. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Chapters 810 and 893 of the Wisconsin Statutes provide plaintiffs with replevin and tort remedies. Section 810.01 provides a remedy for the retrieval of wrongfully taken or detained property. Section 893 contains provisions concerning tort actions to recover damages for personal property that is wrongfully taken or detained and for the recovery of the property. The existence of state remedies in Wisconsin state courts defeats any federal claim plaintiffs might have that defendants deprived them of their property without due process of law. Therefore, this claim against defendants Wiegand, Bailey and Mueller will be dismissed.

## ORDER

IT IS ORDERED that

1. Defendant Wastlick's motion to dismiss is GRANTED and defendant Wastlick is dismissed from this lawsuit for insufficiency of service of process;

2. Defendants Mueller, Wiegand and Bailey's motion to dismiss is GRANTED as to plaintiffs' conspiracy claim and defendants Wiegand and Bailey are dismissed from this action;

3. Defendants Mueller and Sauk County's motion to dismiss plaintiffs' equal protection claim is GRANTED as to defendant Sauk County and DENIED as to defendant Mueller and defendant Sauk County is dismissed from this action.